[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10151

_____

D.C. Docket No. 1:08-cr-20897-DMM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES JOVAN LADSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2011)

Before PRYOR and COX, Circuit Judges, and WATKINS,* District Judge.

WATKINS, District Judge:

---

* Honorable W. Keith Watkins, Chief United States District Judge for the Middle District of Alabama, sitting by designation.

James Jovan Ladson appeals his convictions (Counts I, II, and IV), his sentence of mandatory life imprisonment based upon his conviction for conspiracy to distribute controlled substances, enhanced by two prior felony drug offenses (Count I), and his sentence based upon his conviction for possession with intent to distribute a controlled substance and an increased statutory maximum penalty based upon a prior felony drug offense (Count II). Ladson raises three issues on appeal: (1) whether there was sufficient evidence to support his convictions; (2) whether there were cumulative errors at trial that prejudiced him to the extent that he is entitled to a new trial; and (3) whether the Government properly filed and served its 21 U.S.C. § 851 notice of enhanced sentence. Finding that the first two issues lack merit, we focus our analysis on the Government's service of the notice of enhancement under § 851(a)(1).

Ladson argues that the Government did not file and serve an information containing notice of an enhanced sentence in accordance with § 851(a)(1). We agree that he was not served before trial with a copy of the information in accordance with § 851(a)(1), and thus the district court lacked authority to impose an enhanced sentence on Counts I and II under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), (C), and 846. We therefore vacate Ladson's mandatory term of life imprisonment on Count I and ten-year sentence on Count II, and remand with instructions to resentence Ladson on

Counts I and II without the § 851 sentence enhancement under the second information. We affirm the judgment of conviction on Counts I, II, and IV.

## I.

In September 2008, a grand jury indicted Ladson and seven others for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, as well as cocaine, ecstasy, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I). The superseding indictment filed in January 2009 added two other defendants and three new charges against Ladson: (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count II); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III); and (3) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count IV).

Ladson's trial was scheduled to begin with jury selection on May 12, 2009. On May 4, 2009, the Government provided Ladson's trial counsel with a copy of an information (the "first information") giving notice of the Government's intent to seek enhanced penalties under Counts I and II of the indictment on the basis of a *single*

prior felony drug conviction. It is undisputed that the first information was never filed with the district court.[1]

On May 12, 2009, before the district court brought the jury pool into the courtroom to begin jury selection, the Government announced its intention to file a § 851 sentence enhancement that could result in a mandatory sentence of life imprisonment and remove the possibility of a favorable plea agreement.[2] The Government advised the district court that it would be filing the § 851 enhancement before jury selection because "if we pick a jury we will have crossed the Rubicon and there's not really much coming back at that point." Before handing the district judge that information in open court (the "second information"), the Government said, "[W]e would like to file with the court the 851 enhancement. . . . May I approach and file with the Court?" The district court granted the request. Ladson's trial counsel asked for a last moment to confer with his client about the Government's plea offer: "Wait before you actually clock it in." After a brief conference, Ladson's trial counsel informed the district court that Ladson intended to go to trial. The

---

[1] The first information is preserved in the record only because Ladson's sentencing counsel attached it to the sentencing memorandum he filed with the district court on December 7, 2009.

[2] Importantly, the second information noticed two prior felony drug convictions.

4

Government responded, "Your honor, please file the 851 enhancement."[3]

A colloquy ensued between the district court and Ladson:

| | |
|---|---|
| THE COURT: | Mr. Ladson, I want to make sure you — I want to read this to you. It says here, the defendant is hereby notified [that] the United States intends to rely at sentencing upon the following convictions for felony drug offenses and will seek the enhanced penalties applicable to Counts 1 and 2 of the indictment. And there is a State of Florida versus James Ladson Circuit Court of the Eleventh Judicial Circuit judgment dated September 29, 2000, another one dated 2001, September 20, 2001. It goes on to say as a result of the United States seeking this enhancement, the defendant is exposed on Count 1 to a mandatory term of life imprisonment without release, and on Count 2 to a maximum term of imprisonment of 30 years and a term of supervised release of six years. First, I want to make sure — you understand this? |
| DEFENDANT: | If I told you I did, I would be lying to you. But I hear what you're saying. |
| THE COURT: | All right. I just — there was a case recently where defendants went to trial in a situation like this. They were convicted. One of the guys at sentencing says, Judge, how long is life? I want to make sure you understand life |

---

[3] Because we find deficient service on the defendant under § 851(a)(1), we do not address the sufficiency of filing on these facts. *See United States v. Weaver*, 905 F.2d 1466, 1481(11th Cir. 1990).

5

|  |  |
|---|---|
|  | is life. There's no parole. Life is not something you get out in a short while. You understand that? |
| DEFENDANT: | (Defendant nodding head.) |
| THE COURT: | Okay. Let's invite the jury in. |

Jury selection immediately followed this colloquy, and the trial commenced. On May 13, 2009, the district court declared a mistrial because of the Government's late disclosure of fingerprint evidence.

In July 2009, the Government filed a second superseding indictment. The second superseding indictment charged Ladson and one co-defendant with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, as well as cocaine, ecstasy, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I). Ladson was also charged with: (1) possession with intent to distribute five grams or more of cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count II); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III); and (3) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count IV). On August 3, 2009, Ladson went to trial on these charges, and on August 7, 2009, the jury found him guilty on Counts I, II, and IV of the second superseding indictment. He was acquitted of the § 924(c) charge in Count III.

6

No § 851 sentence enhancement information appeared as a docket entry on the district court's Case Management/Electronic Case Filing docket ("CM/ECF") until September 15, 2009, five weeks after the conclusion of the second trial. However, the information docketed on September 15, 2009 (the "third information"), was not the second information the district court received in open court from the Government on May 12, 2009. Rather, the docketed third information, a replacement for the second information, was emailed from the Government to the district court on September 14, 2009. The clerk of the court physically date-stamped the third information May 12, 2009, but it was electronically time-stamped September 15, 2009, by CM/ECF. Notably, the third information was not physically or electronically signed by the filing Assistant United States Attorney. The attached Certificate of Service was electronically signed by the filing Assistant United States Attorney, however, and stated, "I hereby certify that on or about May 12th, 2009, I *will* electronically file[] the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document *is being served this day* on all counsel of record via transmission of Notice(s) of Electronic Filing." (emphasis added). The third information contained notice that the Government was pursuing a sentence enhancement of mandatory life imprisonment on Count I of the superseding indictment, and a maximum term of imprisonment of thirty years and a term of

7

supervised release of six years on Count II of the superseding indictment.[4] Like the second information, the third information referenced two prior felony drug convictions.

At sentencing on January 5, 2010, only the second information was at issue as the basis for a § 851 sentence enhancement. Ladson's sentencing counsel[5] objected to the  sentence enhancement, arguing that the second information was not properly filed and served in accordance with § 851(a)(1). Ladson argued that the district court's summary of a portion of the second information in open court prior to the first trial did not suffice for service, that the Government filed its only copy of the second information with the district court just before the beginning of the first trial on May, 12, 2009, and thus Ladson could not have been personally served with a copy in the courtroom. Ladson also repeatedly urged the district court to hold an evidentiary hearing to determine whether the second information was timely served.

The Government argued that the second information was properly filed because it was handed to the district court in open court and it was properly served on Ladson because he had actual notice of the information and the district court had read a

---

[4] Because the third information was intended as a replacement for the second information, it still referenced the superseding indictment filed January 8, 2009, and not the second superseding indictment filed July 30, 2009.

[5] On October 15, 2009, Ladson's trial counsel withdrew from the case, and sentencing counsel was appointed to represent Ladson.

8

portion of the information to him in open court. The Government further reasoned that service was accomplished because: (1) the Government emailed the first information to Ladson's trial counsel; (2) the Government spoke with Ladson's trial counsel multiple times in the lead-up to the first trial about its intent to file the § 851 enhancement exposing Ladson to life imprisonment; (3) there is no doubt that Ladson had actual notice prior to both trials of the § 851 enhancement exposing him to life imprisonment based upon two prior felony drug convictions; and (4) Ladson's trial counsel never complained that he did not receive a copy of the second information prior to trial and he could have simply asked to see the information when it was filed with the district court on May 12, 2009. The Government conceded at least three times, however, that it could not definitively say that a copy of the second information was handed to or otherwise served on Ladson or his counsel prior to the first trial.[6]

During the sentencing hearing, the district court explained that the third information was docketed late because, "[the court] had the original [that was filed in open court on May 12, 2009]. I can tell you I'm 99 percent certain what happened to that, which is that I had it and didn't give it to [district court staff.] That's what

---

[6] The parties do not dispute that service did not occur between the start of the first trial (May 12, 2009) and the start of the second trial (August 3, 2009).

9

happened to the original." The district court also stated that it was "not going to make . . . a finding" and was "not prepared to make a finding" on whether Ladson or his trial counsel was handed a copy of the second information in court on May 12, 2009.

After hearing the arguments of both parties, the district court overruled Ladson's objection and denied Ladson's request for an evidentiary hearing on the issue of service, finding a hearing unnecessary. The district court based its decision on Ladson's knowledge of the filing of the second information in open court on May 12, 2009, and the content of the second information. The district court also stated that it was the district court's "belief" that a copy was handed to Ladson's trial counsel on May 12, 2009, but he was "not certain" of that fact. The district court observed that Ladson's trial counsel's September 15 and 16, 2009 emails "suggest[ed]" that Ladson or his trial counsel was served with the second information

prior to trial.[7]   After considering Ladson's other objections, the district court

sentenced Ladson to a mandatory term of life imprisonment on Count I, ten years on

Count II, and fifteen years on Count IV.[8]   Ladson's timely appeal followed.

## II.

Several standards of review govern this appeal.  We review the district court's

conclusions of law *de novo*.  *Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir.

1998).  We review the adequacy of a 21 U.S.C. § 851 notice *de novo*.  *United States*

*v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007).  We review the findings of fact that

support a sentence enhancement for clear error.  *United States v. Ndiaye*, 434 F.3d

---

[7] The district court relied on two emails sent by Ladson's trial counsel to the United States Probation Officer assigned to his case, one dated September 15, 2009, and the other dated September 16, 2009.  Following sentencing, the district court had the probation officer incorporate the emails into Ladson's Presentence Investigation Report.

In the September 15, 2009 email, Ladson's trial counsel stated that he received a copy of the first information by email, but that information was not filed with the court.  He further stated that the information that was docketed on CM/ECF on September 15, 2009 (the third information), was not filed before trial.  The September 16, 2009 email from Ladson's trial counsel to the probation officer reads,

> In further response to your inquiry, I can't locate anything other than the Informations that I received via email on May 4th and the most recent received via CM/ECF on Sept 15.  Nevertheless, although served on defense counsel, the Information(s) must be "filed" prior to trial and, in this case, that doesn't appear to have happened.

The September 16, 2009 email did not reference the *second* information, contrary to the district court's suggestion.

[8] The district court declined to pronounce an alternate sentence, stating, "[I]f the Court of Appeals for some reason thinks that the 851 enhancement isn't appropriate, I think I would look at sentencing anew rather than try to announce an alternat[e] sentence now."

11

1270, 1280 (11th Cir. 2006). Clear error review is "very deferential and we will not reverse the district court unless we find that after making all credibility choices in favor of the fact-finder and reviewing the record as a whole, it is clear that a mistake has been made." *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp., Inc.*, 575 F.3d 1180, 1186 (11th Cir. 2009). "Under clear error review, the district court's determination must be affirmed so long as it is plausible in light of the record reviewed in its entirety." *Id.* "We review the district court's ruling on admission of evidence for abuse of discretion." *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).

Questions regarding sufficiency of the evidence are reviewed *de novo*, resolving all reasonable inferences in favor of the verdict. *United States v. Naranjo*, 634 F.3d 1198, 1206 (11th Cir. 2011) (internal quotation marks and citations omitted). "We cannot disturb the verdict unless no trier of fact could have found guilt beyond a reasonable doubt." *Id.* (internal quotation marks and citations omitted).

"Even where individual judicial errors or prosecutorial misconduct may not be sufficient to warrant reversal alone, we may consider the cumulative effects of errors to determine if the defendant has been denied a fair trial." *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009), *cert. denied*, 131 S. Ct. 413 (2010). "In addressing a claim of cumulative error, we must examine the trial as a whole to

12

determine whether the appellant was afforded a fundamentally fair trial." *United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). There is no cumulative error where the defendant "cannot establish that the combined errors affected his substantial rights." *United States v. Foley*, 508 F.3d 627, 638 (11th Cir. 2007). Assessing cumulative error, the court reviews all errors preserved for appeal and all plain errors. *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005).

Finally, litigants must "make all their objections to a sentencing court's findings of fact, conclusions of law, and the manner in which the sentence was imposed at the initial sentencing hearing." *United States v. Canty*, 570 F.3d 1251, 1257 (11th Cir. 2009) (internal citation omitted). Therefore, "remand for further proceedings is inappropriate when the issue was before the court and the parties had an opportunity to introduce relevant evidence." *Id.* (internal citation omitted).

**III.**

Our analysis focuses on the question whether the Government complied with the procedural requirements of 21 U.S.C. § 851(a)(1) in order for the district court to

impose a mandatory term of life imprisonment.[9] Ladson contends that neither he nor

his trial counsel was served before trial with a copy of an information referencing two

prior felony drug convictions, and that service of the third information by electronic

filing on September 15, 2009, was too late because it occurred more than a month

after the conclusion of his second trial in August 2009. Ladson asserts that the

district court's summarizing, in open court, the content of the second information was

---

[9] Ladson's sufficiency of the evidence and cumulative error arguments lack merit. As to the sufficiency of the evidence, the quantum of evidence of guilt as to each count rises well above the "no trier of fact" standard of *Naranjo*. 634 F.3d at 1206. The evidence was sufficient to support his convictions on Counts I, II, and IV. On Count I, a reasonable jury could have found beyond a reasonable doubt that there was a conspiracy between Ladson and his brother to sell cocaine base, cocaine, ecstasy, and marijuana on the basis that: (1) Ladson's brother ran the "drug hole" at 4620 North Miami Avenue; (2) agents recorded seventeen telephone conversations in which Ladson and his brother discussed different aspects of the drug business; (3) Ladson confessed to selling cocaine base, cocaine, and marijuana for his brother in 2007; (4) in February 2008, Ladson was observed conducting two separate sales of cocaine base from the 4620 drug hole; (5) Ladson cooked cocaine to make cocaine base and prepared cocaine base for sale; and (6) when his brother was incarcerated in 2007, Ladson oversaw the 4620 drug hole and was the only person preparing drugs for sale.

On Count II, a reasonable jury could have found beyond a reasonable doubt that Ladson knowingly possessed a controlled substance with intent to distribute on the basis that: (1) he was aware of the cocaine base, cocaine, and marijuana, which were located in the open throughout the residence, where he had been the sole occupant for four consecutive days; (2) he had dominion and control over the residence; and (3) the drugs were packaged for distribution.

On Count IV, a reasonable jury could have found beyond a reasonable doubt that Ladson possessed the firearm because he had dominion and control over the bedroom, there was a firearm on the floor next to the bed and ammunition on the bed, and investigators found Ladson's fingerprint on the firearm's magazine.

After careful review of the record, we further find no cumulative error that affected Ladson's substantial rights in light of the other overwhelming evidence against him. Fed. R. Crim. P. 52(a); *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999) (error is harmless where it has no substantial influence on the outcome of the case and there was sufficient evidence uninfected by error to support the verdict). Further, we find that Ladson was not denied a fair trial.

14

insufficient to comply with the service requirement of § 851. He argues that although the Government and the district court speculated at sentencing as to whether he or his trial counsel received a copy of the second information, there is no evidence in the record that he or his counsel was served until the third information appeared on CM/ECF on September 15, 2009. He argues that because the district court erred by applying the § 851 sentence enhancement when the Government failed to strictly comply with the filing and service provisions of the statute, he should be resentenced without the § 851 sentence enhancement. The Government argues that the record supports the district court's conclusion that the second information was served before trial based on Ladson's knowledge of the second information and other circumstantial evidence of service.[10]

Section 841(b)(1) prescribes enhanced sentences for recidivist drug offenders. To obtain a sentence enhancement under § 841(b)(1) based on a defendant's prior felony drug conviction(s), the government must comply with § 851(a)(1). Section 851(a)(1) provides in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, . . . the United States attorney files an information with the court (and serves a copy of such information on the

___

[10] Our analysis is aided materially by good briefing and oral argument from counsel on both sides.

15

person or counsel for the person) stating in writing the previous convictions to be relied upon.

Section 851(a)(1) contains both a filing and service requirement, and it is "phrased in mandatory language."[11] *United States v. Noland*, 495 F.2d 529, 533 (5th Cir. 1974).[12] Today, we hold that the statutory language of § 851(a)(1) requires the

---

[11] In *Harris*, we held that, "even where a defendant receives actual notice that the government intends to rely on a previous conviction to enhance his sentence, the district court lacks jurisdiction to impose an enhanced sentence *until* the government files an information as required under § 851." 149 F.3d at 1307. The jurisdictional aspect of *Harris* is in doubt in light of later decisions of the Supreme Court holding that "jurisdiction[]" is the authority of a court to adjudicate a "class[] of cases." *Eberhart v. United States*, 546 U.S. 12, 16 (2005); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). However, we are not required to determine in this appeal whether the notice requirements of section 851(a)(1) are jurisdictional. We do not equate the term "authority" with "jurisdiction."

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Government to strictly comply with the service requirement before trial.[13]  The

defendant's actual notice of the Government's filing of an information does not

obviate the Government's statutory obligation under § 851(a)(1) to serve a copy of

the information on the defendant or his or her counsel before trial.  *See Noland*, 495

F.2d at 533 ("The Government's argument that [the defendant] was not surprised by

the enhanced sentence carries no weight in the face of the plain words of [§

851(a)(1)].").  The Government bears the burden of proving its strict compliance with

the procedural requirements of § 851(a)(1).  *See United States v. Hernandez*, 145 F.3d

1433, 1440 (11th Cir. 1998) ("The burden of proof for establishing that a sentence

---

[13] The Government does not cite or argue that *United States v. Cevallos* (*Cevallos I*), 538 F.2d 1122 (5th Cir. 1976) should play a role in our decision.  In any event, *Cevallos I* is distinguishable from this case.  In *Cevallos I*, the former Fifth Circuit held that the uncontroverted evidence left no doubt that the district court could impliedly conclude that a sentence enhancement filed before the defendant's guilty plea was properly served on the defendant despite the absence of a certificate of service.  *Id.* at 1123-24, 1126.  That uncontroverted evidence included Mr. Cevallos's plea colloquy and plea agreement, in which he acknowledged the filing of the information.  Further, the Fifth Circuit observed that it was the regular practice of the United States Attorney's office to hand the information to defense counsel *at the time of filing*.  *Id.* at 1126 n.7.

The present case is easily distinguishable on two fronts.  First, this case does not present an uncontroverted record of service.  Second, *Cevallos I* does not stand for the proposition that a defendant's knowledge alone is sufficient to establish § 851(a)(1) compliance, because such a holding would be in conflict with *Noland*.  *See* 495 F.2d at 533 (holding that where the government failed to file an information before trial, yet the defendant knew he could be subject to an enhanced sentence as early as his arraignment, such knowledge or lack of surprise did not equate to compliance with § 851); *accord United States v. Olson*, 716 F.2d 850, 853-54 (11th Cir. 1983) (vacating a sentence enhancement where the district court relied on the defendant's actual knowledge of his status as a "multiple offender" to establish § 851(a)(1) compliance and expressly affirming *Cevallos I*).  We do not read *Cevallos I* to contradict *Noland*.

17

enhancement is warranted lies with the prosecution and it is the duty of the district court to insure that the prosecution carries its burden of proof.").

It is not apparent from the record whether the district court made a finding at Ladson's sentencing that Ladson or his trial counsel was served with a copy of the second information before trial. Although Federal Rule of Criminal Procedure 32(i)(3) requires such a finding, the record does not allow us to conclude that the district court complied with that rule. Fed. R. Crim. P. 32(i)(3) ("At sentencing, the court: (A) may accept any undisputed portion of the presentence report as a finding of fact; [and] (B) must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute . . . .") On balance, it does not matter whether the court made a finding pursuant to Rule 32. Even if it had, we would reverse because the record would not support such a finding under any standard of review.

To begin, the Government produced no evidence or testimony at Ladson's sentencing to prove that it had served the second information on Ladson or his trial counsel before trial. In fact, the Government repeatedly confessed that it could not remember whether it had handed a copy of the second information to Ladson or his trial counsel. Further, the Presentence Investigation Report contained no factual basis

describing how or when the second information was served on Ladson or his trial counsel. In response to Ladson's service objection, the probation officer admitted that "the [service] issue remains unresolved," and "the probation officer defers to the Court regarding whether the enhancement is valid." In the face of that record, the district court refused, in its discretion, to allow Ladson's trial counsel to testify on the issue of service of the second information. Given Ladson's service objection, the absence of information pertinent to service in the Presentence Investigation Report, and the failure to produce any evidence of service at Ladson's sentencing, the Government failed to fulfill its burden of proof of establishing the district court's authority to impose a § 851 sentence enhancement.

Further, the district court's stated reasons for denying Ladson's service objection did not fill the evidentiary void left by the Government. The district court's stated reasons for denying Ladson's objection were (1) its belief that Ladson or his trial counsel was served; (2) the September 16, 2009 email from Ladson's trial counsel that "suggest[ed]" service; and (3) Ladson's actual knowledge of the second information. We address the district court's stated bases in turn.

First, the district court's belief that Ladson or his trial counsel was served based on its own recollection of the events of May 12, 2009, was not evidence of

19

service.  Such a belief was not informed by admissible evidence or testimony, nor was it a fact appropriate for judicial notice.  *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Second, the supplementation of the Presentence Investigation Report with Ladson's trial counsel's September 16, 2009 email did not add any relevant evidence that Ladson or his trial counsel was in fact served with a copy of the second information before trial.  *See* Fed. R. Crim. P. 32(i)(3)(C).  The district court focused on the legal argument in the email that read, "Nevertheless, although served on defense counsel, the Information(s) must be 'filed' prior to trial and, in this case, that doesn't appear to have happened."  In so doing, the district court did not credit Ladson's trial counsel's statement in the email concerning the documents he had actually received, which were the first and third informations.  Nothing in that email contains plausible, relevant evidence that the *second* information was served *before trial*, and it is the second information upon which the Government relies for service pursuant to § 851(a)(1).

Third, it was error to conclude that an oral summary of the second information in open court and Ladson's actual knowledge of the filing of the second information were valid substitutes for service of a copy of a § 851 sentence enhancement. *See Noland*, 495 F.2d at 533 (§ 851 information filed one day after sentencing did not satisfy § 851(a)(1) filing requirement, notwithstanding that the defendant was advised of enhanced limits of punishment at arraignment and did not contest the validity of his prior conviction at sentencing). Accordingly, reading or summarizing a § 851 information in open court is not "serv[ice of] a copy" sufficient for strict compliance with § 851(a)(1). *See* Fed. R. Civ. P. 5(b) (reading in open court is not a permissible method of service in Rule 5(b)); *United States v. Novaton*, 271 F.3d 968, 1016 (11th Cir. 2001) (Service of a § 851 sentence enhancement must comply with Federal Rule of Criminal Procedure 49(b), in conjunction with Federal Rule of Civil Procedure 5(b).). Because the Government failed to serve Ladson with a copy of the second information before his second trial commenced on August 3, 2009,[14] in compliance with § 851(a)(1), the district court lacked authority to enhance his sentence under the second information on Counts I and II of the second superseding indictment.

---

[14] *United States v. Williams*, 59 F.3d 1180, 1185-86 (11th Cir. 1995), stands for the proposition that in cases involving multiple trials of the same defendant, a § 851 sentence enhancement must be filed and served once before trial, but not re-filed and re-served before each and every trial.

21

Finally, given the Government's opposition to remand for an evidentiary hearing and its previous opportunity "to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence," remand for a hearing on the issue of service of the second information is inappropriate. *Canty*, 570 F.3d at 1257.

## IV.

We AFFIRM the judgment of conviction on Counts I, II, and IV of the second superseding indictment.[15] We VACATE the sentence on Counts I and II, and REMAND for resentencing on Counts I and II without the § 851 sentence enhancement under the second information.

AFFIRMED in part, VACATED and REMANDED in part.

---

[15] Mr. Ladson only challenges his conviction, not his sentence, on Count IV.