[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13543
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20219-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 25, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

The District Court sentenced Ronald Rogers to prison for 92 months on a plea of guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He now appeals his sentence, arguing that the District Court erred in enhancing the base offense level for his offense by four levels pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense, aggravated assault. Rogers contends that he did not commit the assault because he was acting in the defense of himself and his property under Florida law.

We review the District Court's findings of fact supporting a sentencing enhancement, including an enhancement for possessing a firearm in connection with another felony offense, for clear error. *United States v. Jackson*, 276 F.3d 1231, 1233 (11th Cir. 2001). We review the District Court's application of the facts to justify a Sentencing Guidelines sentencing enhancement *de novo*. *United States v. Spriggs*, 666 F.3d 1284, 1286 (11th Cir. 2012). Under clear error review, we will affirm the District Court's determination if it is "plausible in light of the record reviewed in its entirety." *United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011) (quotation mark and citation omitted).

Under the Sentencing Guidelines, a four-level enhancement applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense" is

2

"any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1 cmt. n.14(C).  When the Government asks the court to apply an Guidelines enhancement over the defendant's objection that the relevant facts do not support the enhancement, the Government has the burden of establishing such facts by a preponderance of the evidence. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

Under Florida law, an assault is aggravated when it is committed "[w]ith a deadly weapon without intent to kill" or "[w]ith an intent to commit a felony."  Fla. Stat. § 784.021(1) (2013).  Assault, in turn, is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  *Id.* § 784.011(1).

Florida law states that a person is justified in using non-deadly force against another when he "reasonably believes that such conduct is necessary to defend . . . against the other's imminent use of unlawful force."  *Id.* § 776.012.  Further, a person is justified in using deadly force, and does not have a duty to retreat, if he "reasonably believes that such force is necessary to prevent imminent death or great bodily harm" or to "prevent the imminent commission of a forcible felony."

3

*Id.* § 776.012(1).  A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm when using deadly defensive force if

> (a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle . . . and

> (b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

*Id.* § 776.013(1).  Also, a person who is not engaged in unlawful activity and is attacked in a place where he has a right to be has no duty to retreat and may use deadly force if he "reasonably believes it is necessary to do so to prevent death or great bodily harm" or to "prevent the commission of a forcible felony."  *Id.* § 776.013(3).

The District Court did not clearly err in finding that Rogers committed acts that constitute an aggravated assault under Florida law.  There was ample evidence to support the court's finding that during a telephone call with his ex-girlfriend, Trina Williams, Rogers threatened to shoot their daughter, who was staying at Rogers's home; and that when Williams arrived to retrieve the daughter, he displayed a firearm and ordered her to back off.  Therefore, the court had sufficient evidence before it to find that Rogers intentionally and unlawfully threatened to do violence to Williams, that he had the apparent ability to carry it out, that he created

4

a well-founded fear in her that violence was imminent, and that his behavior was aggravated. *See* Fla. Stat. §§ 784.011(1), 784.021(1).

Nor did the court clearly err in finding that Rogers's actions were not justified under Florida law. Rogers presented no evidence and never claimed that Williams or her brothers had attempted to enter his home when he threatened her. While Rogers argues that his actions were justified because he was in fear of imminent harm by Williams's brothers, there was no evidence that he saw Williams's brothers or that they were even present, and the evidence is similarly undisputed that he displayed the firearm to Williams, not to her brothers. Therefore, it was not clearly erroneous to find that Rogers's actions were not justified under Florida law. *See* Fla. Stat. §§ 776.012, 776.013(1), 776.013(3).

Given these these fact findings, the court did not err in concluding that Rogers used or possessed a firearm in connection with another felony offense and applying the four-level § 2K2.1(b)(6)(B) enhancement.

AFFIRMED.

5