[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10287
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00092-TCB-LTW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UGOCHUKWU LAZARUS ONEBUNNE,
a.k.a. Policap Tizhe,
a.k.a. Saheed Ademoha,
a.k.a. Ugochukwu Lazarus Onebunne,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 6, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ugochukwu Onebunne appeals his total 120-month above-guideline sentence, arguing it was imposed due to the government's breach of the plea agreement and that it is substantively unreasonable. For the following reasons, we affirm.

## I.

First, the plea-agreement issue. We review de novo the question of whether the government breached a plea agreement when the defendant preserved the issue. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). A defendant "must make all [his] objections to a sentencing court's findings of fact, conclusions of law, and the manner in which the sentence was imposed at the initial sentencing hearing." *United States v. Ladson*, 643 F.3d 1335, 1342 (11th Cir. 2011) (internal quotation mark omitted).

But when a defendant fails to preserve an issue, we review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). Plain error exists where (1) there is an error; (2) that is plain; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is plain if it is "clear or obvious, rather than subject to reasonable

2

dispute." *Id.* In the context of an alleged plea-agreement breach, the question of whether the defendant's substantial rights were affected is not whether the defendant would have entered into the plea, but rather whether his sentence was affected by the government's breach. *Id.* at 142 n.4.

To determine whether the government breached a plea agreement, we "determine the scope of the government's promises." *Copeland*, 381 F.3d at 1105. In doing so, we "apply an objective standard" to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood" when he pled guilty. *Id.* We will not use a "hyper-technical" or a "rigidly literal approach" to interpret the agreement. *Id.*

Here, Onebunne did not object about an alleged breach of the plea agreement at the sentencing hearing. Nevertheless, citing no law, he insists that he preserved the breach issue by filing a supplemental objection the day after the hearing. But, as we stated in *Ladson*, those objections must take place "at the initial sentencing hearing." *See* 643 F.3d at 1342. Therefore, we review this issue for plain error. *See Romano*, 314 F.3d at 1281.

But no matter how we review this issue, we see no reason for resentencing in front of a different judge because there was no breach. The government's sentencing arguments were entirely consistent with the plea agreement. In the plea agreement, "the Government agree[d] to recommend that the Defendant be

3

sentenced at the high-end of the adjusted guideline range." It did just that. The adjusted guideline range was 57 to 71 months; the government argued repeatedly for a sentence of 71 months, the "high-end" of the range. To be sure, the government alluded to Onebunne's codefendant's sentence and sending a message. But context reveals that there was nothing improper about those allusions. In fact, the government explicitly distinguished Onebunne from his codefendant: When the district court asked the government why Onebunne deserved a lower sentence than his codefendant, the government explained how it saw Onebunne as less culpable. The government unquestionably fulfilled its promise to Onebunne. And in any event, Onebunne fails to show any of the other plain-error elements. *See Puckett*, 556 U.S. at 135. Accordingly, we affirm on this issue.

## II.

Next, we consider whether Onebunne's sentence was substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (per curiam). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the [18 U.S.C.] § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*; *see also United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). The vast discretion the district court enjoys is abused, though, "if it (1) fails

4

to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by unreasonably balancing the proper factors." *Goldman*, 953 F.3d at 1222. "A sentence imposed well below the statutory maximum penalty is an indicator of reasonableness." *Id.*

Onebunne has failed to carry his burden to show that his sentence is substantively unreasonable. *See Gomez*, 955 F.3d at 1255; *Goldman*, 953 F.3d at 1222. The district court did not abuse its discretion here. Both parties referenced the § 3553(a) factors in their arguments, as did the court in its explanation for the sentence. Beyond that, the court explicitly said it considered all the § 3553(a) factors, acknowledged that it was imposing a variance sentence, and explained why: The guideline range "does not come close to providing adequate deterrence and adequate punishment" because the crime was "pure evil, . . . not accounted for by the guideline range." The court explained why it saw Onebunne as an essential participant in the crime—a fraud conspiracy that involved lying to gain the trust of individuals who were simply looking for love and companionship and then violating that trust for monetary gain. The court considered all relevant factors, did not give an improper factor significant weight, and did not commit a clear error of judgment by improperly balancing the factors. We see no indicia of abuse here. *See Goldman*, 953 F.3d at 1222. For good measure, we note that Onebunne's

5

sentence of 120 months (i.e., 10 years) was half the statutory maximum of 20 years, which indicates reasonableness.  *See id.*; 18 U.S.C. §§ 1343, 1349. Accordingly, we affirm the sentence.

    **AFFIRMED.**