[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12369
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00250-TFM-B-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS EDUARDO MONTENEGRO MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 5, 2021)

Before MARTIN, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Luis Eduardo Montenegro Martinez ("Martinez") appeals his above-guidelines sentence of 360 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b) and 21 U.S.C. § 960(b)(1)(B).

Martinez and three codefendants were apprehended in international waters aboard a vessel containing approximately 1,916 kilograms of cocaine and charged with conspiring to possess and possessing with intent to distribute the cocaine. In pleading guilty to the conspiracy count, Martinez admitted he had boarded the vessel for the purpose of distributing the cocaine. At sentencing, the district court imposed a two-level leadership role enhancement pursuant to U.S.S.G. § 3B1.1(c) based, in part, on evidence Martinez was the only individual aboard the vessel in contact with the intended recipients of the cocaine. The court also departed upward pursuant to U.S.S.G. § 4A1.3 based on its determination the guidelines range of 235 to 293 months' imprisonment did not adequately address Martinez's criminal history. On appeal, Martinez: (1) argues the district court abused its discretion in denying his motion for recusal, which was based on statements the court made at sentencing; (2) challenges the district court's imposition of the leadership-role enhancement; and (3) contends his sentence is procedurally and substantively unreasonable. After review, we affirm.

2

I. DISCUSSION

A. *Denial of Motion for Recusal*

Martinez argues the district court abused its discretion in denying his motion for recusal because it improperly relied on extrajudicial facts at sentencing, where the court made statements suggesting Martinez had been involved in criminal activity after serving his sentence for a 2003 drug trafficking conviction. Specifically, during the first portion of Martinez's sentencing hearing, the court referred to Martinez as a "professional criminal," noting his prior conviction had involved the transportation of a large quantity of cocaine aboard a vessel—almost 2,400 kilograms according to the presentence investigation report ("PSI"). The court stated as follows:

> I am very negatively impressed by his prior criminal behavior, which is the same as on this occasion. It was just less cocaine, I believe, from the first trip. And I have no reason to believe that between his release from the first incident to his capture on this second incident that he didn't continue to do what he did and just didn't get caught.

Based on this history, the court indicated its intent to impose an above-guidelines sentence of 360 months to life. The sentencing hearing was continued, and Martinez moved for recusal.

At the continuation of the hearing several weeks later, the court explained its previous statement. It stated, in part, that although it did not know what Martinez had done after his prior conviction, "whatever he was doing was sufficient that

3

others were willing to still entrust him with a substantial quantity of drugs" and find him "trustworthy enough to put in close proximity to another substantial quantity of drugs."

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The question under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation marks omitted). The alleged bias must be personal, not judicial, in nature, and it must generally "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (quotation marks omitted). However, bias need not stem from an extrajudicial source "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Id*. at 885 (quotation marks omitted). A court's rulings in the same case ordinarily do not qualify as grounds for disqualification. *Id*. at 884.

The district court did not abuse its discretion in denying Martinez's motion for recusal.[1]  The record belies Martinez's arguments the district court considered extrajudicial information when it imposed its sentence.  The statements at issue stem from information presented in the PSI and at the sentencing hearing, not from an extrajudicial source.  *See Meester*, 762 F.2d at 884.  Based on this information, the court made an inference Martinez had engaged in conduct that earned him the trust of other drug traffickers.  In light of the court's subsequent explanation and clarification at the continuation of the sentencing hearing, the statements would not cause an objective lay observer to entertain significant doubt as to the impartiality of the district court judge.  *See Patti*, 337 F.3d at 1321.

B.  *Two-Level Enhancement for Leadership Role*

Martinez challenges the district court's imposition of a two-level leadership-role enhancement under U.S.S.G. § 3B1.1(c), arguing the government failed to show he was a leader by a preponderance of the evidence.

Section 3B1.1(c) of the Sentencing Guidelines provides for a two-level enhancement for a defendant who "was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants and that was not "otherwise extensive."  U.S.S.G. § 3B1.1(c).  To qualify for the

---

[1] We review the denial of a motion for recusal for an abuse of discretion.  *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013).

5

enhancement, the defendant must have been the organizer, leader, manager, or supervisor of at least one other participant, "asserting control or influence over at least that one participant." *United States v. Glover*, 179 F.3d 1300, 1302 (11th Cir. 1999); U.S.S.G. § 3B1.1, comment. (n.2).  In determining whether a defendant was an organizer or leader, factors the sentencing court should consider include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1, comment. (n.4).  All these considerations need not be present.  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).

The district court's finding that Martinez warranted a two-level enhancement for his leadership role is not clearly erroneous and is adequately supported by the record.[2]  At the sentencing hearing, the government presented testimony from Homeland Security Special Agent Jason Green, the lead investigator on the case, which corroborated the relevant facts contained in the PSI.  Specifically, Green, who had interviewed Martinez's codefendants, corroborated that Martinez had

---

[2] We review a district court's determination of the defendant's role in the offense for clear error, which we will not find "unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (quotation marks omitted).  "Under clear error review, the district court's determination must be affirmed so long as it is plausible in light of the record reviewed in its entirety." *United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011) (quotation marks omitted).

identified himself as the leader when the crew boarded the vessel in Colombia.

Further, Green corroborated that Martinez: (1) claimed ownership of various

ledgers with codes and coordinates on them, which he alone had received via

satellite phone to facilitate the delivery of the cocaine; (2) possessed the names and

phone numbers of certain unindicted co-conspirators within the drug trafficking

organization that his codefendants did not; and (3) was the only one on board the

vessel who knew the name of the intended recipient of the cocaine.  On this record,

given the nature of Martinez's participation in the offense, the court did not clearly

err in determining Martinez played a leadership role and was not merely a crew

member.

## C.  Reasonableness of the Sentence

Martinez argues his sentence is procedurally and substantively unreasonable.

We review the reasonableness of a sentence for an abuse of discretion.  *United
States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  We first examine whether

the district court committed any significant procedural error, such as imposing a

sentence based on clearly erroneous facts or miscalculating the advisory guidelines

range.  *Id.*  We then consider whether the sentence is substantively reasonable

under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.  *Id.*

The party challenging the sentence bears the burden of showing it is unreasonable.

*United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

1. Procedural Reasonableness

Martinez argues his sentence is procedurally unreasonable because the district court: (1) based his sentence on clearly erroneous facts, and (2) followed the incorrect procedure in departing upward U.S.S.G. § 4A1.3. As to Martinez's first procedural challenge, we find no procedural error based on clearly erroneous facts. A court's factual findings "must be based on reliable and specific evidence and cannot be based on speculation." *United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010). However, courts may draw reasonable inferences if there is sufficient factual support in the record. *See United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004) (affirming denial of "safety-valve" relief based on the district court's inference that a large quantity of marijuana was being grown for distribution and defendant failed to disclose information about distribution).

Martinez argues the district court based his sentence on the clearly erroneous fact he engaged in other uncharged instances of drug trafficking after his release from prison. But the district court's statements at the continuation of the sentencing hearing make clear it was not speculating about other uncharged instances of drug trafficking. Instead, based on information presented in the PSI and at sentencing—including the parallels between Martinez's prior drug trafficking offense and this one—the court reasonably inferred Martinez had proven himself to drug traffickers to be trustworthy enough to again be put in

8

proximity to another substantial and valuable quantity of cocaine. The district court did not rely on clearly erroneous facts in imposing Martinez's sentence.[3]

Martinez also argues the district court did not follow the correct procedure in departing upward pursuant to U.S.S.G. § 4A1.3. Under U.S.S.G. § 4A1.3(a)(1), a sentencing court may depart upward from the guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).

A district court may depart upward under U.S.S.G. § 4A1.3 in one of two ways. Under the "step-by-step" approach, the court must first look to the next criminal history category. *United States v. Sammour*, 816 F.3d 1328, 1341-42 (11th Cir. 2016). If that category adequately reflects the defendant's past conduct, the court must state its findings and sentence the defendant within that range. *Id*. If the court determines the next category is still inadequate to reflect the defendant's criminal history, the court must look to the next highest category and repeat its analysis. *Id*. Alternatively, the court may "assign criminal history points

---

[3] The government contends Martinez's supplemental sentencing memorandum was insufficient to raise this procedural challenge in the district court, so plain error review should apply. Because we find no procedural error, plain or otherwise, we need not address this argument.

to . . . unscored convictions and extrapolate the criminal history category that would have applied." *Id*.

Because Martinez did not argue in the district court that the court employed the wrong procedure in departing upward, we review his second procedural challenge for plain error only.[4]  Based on Martinez's offense level of 37 and criminal history category of II, his resulting guidelines range was 235 to 293 months' imprisonment.  Because the district court did not look to the next criminal history category, or explain why a sentence under the guidelines range for category III would still be inadequate, it failed to follow the "step-by-step" procedure for an upward departure under U.S.S.G. § 4A1.3.

Nevertheless, even assuming the district court plainly erred by not following the correct departure procedure, Martinez has failed to show the court's error affected his substantial rights because he has not shown a "reasonable probability that, without the error, the outcome of the proceeding would have been different."

---

[4] We review a procedural challenge raised for the first time on appeal for plain error, which we will find where: "(1) there is an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001).  To satisfy the third prong of the test, the defendant must show a "reasonable probability that, without the error, the outcome of the proceeding would have been different." *United States v. Johnson*, 981 F.3d 1171, 1181 (11th Cir. 2020); *see also United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006) (remanding for resentencing where defendants demonstrated reasonable probability they would have received lesser sentences but for the district court's plain sentencing error).  Although the district court did not specifically refer to U.S.S.G. § 4A1.3 at sentencing, it confirmed it departed on this basis in its Statement of Reasons.  Neither party contends the court imposed a variance rather than a departure.

*See United States v. Johnson*, 981 F.3d 1171, 1181 (11th Cir. 2020).   At

sentencing, the district court stated as follows:

> I will state for purposes of the record that I believe this is the appropriate sentence if the guidelines were inappropriately calculated -- or appropriately calculated.  I would have departed to and do depart to impose this sentence.  And without the guidelines, it is certainly the sentence I would impose.

In light of the court's statement, Martinez cannot show the outcome of the

proceeding would have been different but for the court's procedural error in not

applying the step-by-step approach.  Any error in not following the correct

departure procedure was harmless.

2.  Substantive Reasonableness

Martinez also contends his sentence is substantively unreasonable, arguing

the upward departure was not supported by a sufficiently compelling reason or the

18 U.S.C. § 3553(a) factors.  A district court abuses its discretion and imposes a

substantively unreasonable sentence "when it (1) fails to afford consideration to

relevant factors that were due significant weight, (2) gives significant weight to an

improper or irrelevant factor, or (3) commits a clear error of judgment in

considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th

Cir. 2010) (en banc).  In reviewing a sentence for substantive reasonableness, we

consider the totality of the circumstances and will remand for resentencing only

when "left with the definite and firm conviction that the district court committed a

11

clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

Under 18 U.S.C. § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), which include the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also take into consideration the nature and circumstances of the offense and history and characteristics of the defendant. *Id.* § 3553(a)(1). In addition, § 3553(a) directs the district court to consider the types of sentences available, the applicable guidelines range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(3)-(7). The weight assigned to any one factor is "committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted).

Martinez's sentence is substantively reasonable under the totality of the circumstances and § 3553(a) factors. After hearing testimony and arguments from

12

both sides, the district court imposed a sentence of 360 months' imprisonment—67 months above the high end of the initial advisory guidelines range. Martinez contends the district court lacked a sufficiently compelling reason for departing upward, but we disagree. The court emphasized he had been caught on two separate occasions with very large quantities of cocaine aboard a vessel—around 2,000 kilograms per trip. And despite Martinez's substantial prior sentence of 135 months' imprisonment and subsequent deportation to Guatemala for an almost identical offense, he agreed to participate in the instant conspiracy only a few years after his release from prison. Applying the § 3553(a) factors, the court concluded the sentence imposed was "appropriate to the facts and circumstances of the case" and served important interests including "deterrence, punishment, and incapacitation," consistent with the sentencing goals listed in § 3553(a)(2).

Martinez stresses the mitigating evidence he presented at sentencing, including facts concerning his difficult upbringing in Guatemala and testimony that he became involved in the instant offense only to raise funds for a medical procedure his daughter needed. The record shows, however, that the district court took this information into account but ultimately concluded neither poverty nor lack of education excused Martinez's criminality. The court further reasoned the drug trade was inherently violent and Martinez appeared to have more respect for criminals than the law. These considerations further reflect § 3553(a) factors such

13

as the nature and circumstances of the offense, Martinez's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). It was within the district court's discretion to assign greater weight to these factors rather than to the aspects of Martinez's personal history and background that he emphasizes on appeal. *See Rosales-Bruno*, 789 F.3d at 1254.

Martinez's other arguments are without merit. To the extent Martinez argues his sentence could have a chilling effect on pleas, this consideration is not applicable under 18 U.S.C. § 3553(a), and in any event, the government's within-guidelines sentencing recommendation was consistent with the plea agreement. We also reject Martinez's argument that his sentence is disproportionate to those of his codefendants, one of whom served as captain of the vessel. As discussed above, the district court did not clearly err in finding Martinez played a leadership role in the offense based on his communications with drug traffickers who were not on board the vessel—conduct that set him apart from his codefendants. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples."

(quotation marks omitted)).  Under the totality of the circumstances and the

§ 3553(a) factors, Martinez's sentence was substantively reasonable.[5]

## II.  CONCLUSION

For the reasons set forth above, we affirm Martinez's sentence.

**AFFIRMED.**

---

[5] Martinez argues the three-step framework from *United States v. Omar*, 16 F.3d 1168, 1169 (11th Cir.), *opinion modified on reh'g*, 24 F.3d 1356 (11th Cir. 1994), applies here, but that case did not involve a guided departure under U.S.S.G. § 4A1.3 and was decided before *United States v. Booker*, 543 U.S. 220, 261-62 (2005), established the reasonableness standard of review for the sentence finally imposed on a defendant.  In any event, Martinez has failed to demonstrate the departure would not withstand review under *Omar*.