**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12370

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ADAL ANTONIO NAVAS FELICIANO,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00119-RBD-EJK-3

————————————

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Adal Antonio Navas Feliciano pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a

detectable amount of fentanyl. At sentencing, the district court applied an enhanced penalty range with a mandatory minimum of 15 years' imprisonment because Navas Feliciano had a previous conviction for a serious drug felony. The district court imposed a 180-month sentence. On appeal, Navas Feliciano argues that the district court erred because, before announcing his sentence, it failed to give him an opportunity to admit or deny his previous convictions or to tell him that he could challenge the validity of his previous convictions. After careful review, we affirm.

## I.

In August 2022, a grand jury charged Navas Feliciano and several others with conspiring to distribute and possess with intent to distribute controlled substances. The indictment alleged that Navas Feliciano's violation involved 400 grams or more of a mixture containing fentanyl. A defendant who participates in a conspiracy involving this quantity of fentanyl generally faces a penalty range of 10 years to life. *See* 21 U.S.C. § 841(b)(1)(A)(vi).

But here, shortly after the grand jury returned the indictment, the government filed an information seeking an enhanced penalty range. The information reported that in a 2014 Florida criminal case Navas Feliciano had been convicted of trafficking 400 grams or more of cocaine and conspiring to traffic 400 grams or more of cocaine. The information asserted that because he had a previous conviction for a serious drug felony, Navas Feliciano faced a mandatory minimum sentence of 15 years' imprisonment. *See id.*

In the federal criminal case, Navas Feliciano entered into a written plea agreement. In the plea agreement, he admitted that he participated in the charged drug conspiracy from June through August 2022. He also admitted that he had been convicted in Florida state court in 2014 of trafficking 400 grams or more of cocaine and conspiring to traffic 400 grams or more of cocaine. He acknowledged that he had served a term of imprisonment of more than 12 months for the Florida offenses and was released from prison within 15 years of when he began participating in the drug conspiracy in this case.[1] The plea agreement reported that, because of his earlier Florida convictions, Navas Feliciano faced a mandatory minimum of 15 years.

A magistrate judge held a change-of-plea hearing. At the hearing, the magistrate judge reviewed the rights that Navas Feliciano was waiving by pleading guilty. The magistrate judge also discussed the charges against Navas Feliciano, the applicable penalty range of 15 years to life, and the terms of the plea agreement. At the hearing, Navas Feliciano entered a guilty plea and confirmed that his guilty plea was free and voluntary.

---

[1] For a defendant's earlier state conviction to qualify as a "serious drug felony" for purposes of 21 U.S.C. § 841, the state offense had to involve the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance and have a "maximum term of imprisonment of ten years or more." 21 U.S.C. § 802(58); *see* 18 U.S.C. § 924(e)(2)(A). In addition, the defendant must have "served a term of imprisonment of more than 12 months" for the state offense and completed that term of imprisonment "within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(58).

4                    Opinion of the Court                    24-12370

After the change of plea hearing, the magistrate judge issued a report and recommendation finding that Navas Feliciano had knowingly and voluntarily entered his guilty plea and there was a factual basis for his plea. The magistrate judge recommended that the district court accept the guilty plea. The magistrate judge also warned that if Navas Feliciano failed to object to a finding of fact or conclusion of law within 14 days, he waived the right to challenge it on appeal should the district court adopt it. Navas Feliciano did not object. The district court adopted the recommendation and accepted the guilty plea.

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR detailed Navas Feliciano's criminal history. It reported that in 2014 he had been convicted in Florida state court of trafficking cocaine and conspiring to traffic cocaine and had received a sentence of 108 months' imprisonment followed by 24 months' probation. It stated that he had completed his Florida custodial sentence in 2021 and was on probation in Florida when he committed the federal conspiracy offense.

According to the PSR, Navas Feliciano faced a mandatory minimum of 15 years' imprisonment. It explained that the government had filed an information notifying Navas Feliciano that it was seeking an enhanced statutory penalty based on his previous convictions. The PSR then stated, "Pursuant to the provisions of 21 U.S.C. § 851(b), the presentence report is disclosed to the defendant and counsel to affirm or deny the convictions when filing

24-12370                Opinion of the Court                5

their written objections to the report." Doc. 396 at 35.[2] The PSR explained that if Navas Feliciano denied the convictions, the probation officer would forward a copy of his denial to the government.

Navas Feliciano proposed several revisions to the PSR. But he did not deny the PSR's statements about his state convictions, object to that portion of the PSR, or otherwise challenge the application of a 15-year mandatory minimum. Instead, in a memorandum submitted before sentencing, he admitted to having a Florida criminal conviction and acknowledged that he faced a 15-year mandatory minimum.

At the sentencing hearing, the district court found that under the Sentencing Guidelines, Navas Feliciano's total offense level was 31 and his criminal history category was III, which yielded a guidelines range of 135 to 158 months' imprisonment. Because Navas Feliciano faced a mandatory minimum of 180 months' imprisonment, the court set 180 months as his guidelines range. The court imposed a sentence of 180 months' imprisonment. Before announcing the sentence, the court did not ask Navas Feliciano whether he affirmed or denied that he had been convicted as alleged in the information. And it did not tell him that he had to raise any challenge to the validity of his previous convictions before the sentence was imposed.

This is Navas Feliciano's appeal.

─────────────────────

[2] "Doc." numbers refer to the district court's docket entries.

## II.

Ordinarily, we review *de novo* whether the district court complied with the notice requirements set forth in 21 U.S.C. § 851. *See United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011). But when a party raises a district court's failure to make an inquiry required under § 851 for the first time on appeal, we review for plain error. *United States v. DiFalco*, 837 F.3d 1207, 1220 (11th Cir. 2016). To prevail under this standard, a defendant must show that "(1) there was an error, (2) the error was plain or obvious, (3) the error affected [his] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).

## III.

A defendant who participates in a conspiracy to distribute or possess with intent to distribute 400 grams or more of a mixture containing fentanyl generally faces a mandatory minimum of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). But a defendant who commits this offense "after a prior conviction for a serious drug felony" faces an enhanced mandatory minimum of 15 years' imprisonment. *Id.*

Section 851 sets forth procedural requirements that must be met before a district court can apply an enhanced penalty under § 841(b)(1) because of a defendant's previous conviction for a serious drug felony. *See id.* § 851. To start, the government must file an information, "stating in writing the previous convictions to be

24-12370                Opinion of the Court                7

relied upon." *Id.* § 851(a)(1). Then, "after conviction but before pronouncement of sentence," the court must ask the defendant "whether he affirms or denies that he has previously been convicted as alleged in the information" and notify him that "any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b). The defendant then has an opportunity to submit a written response in which he denies the allegations in the information or challenges the validity of a conviction. *Id.* § 851(c)(1). If the defendant submits such a response, the court must hold a hearing "to determine any issues raised by the response which would except the person from increased punishment." *Id.*

We have recognized that in some cases a court need not comply with § 851(b)'s inquiry requirement. *DiFalco*, 837 F.3d at 1224. Section 851(e) bars a defendant from "challeng[ing] the validity of any prior conviction" that "occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). A district court "is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded by § 851(e) from attacking the conviction forming the basis of the enhancement information." *DiFalco*, 837 F.3d at 1224–25 (citation modified). As a result, when a district court failed to conduct a § 851(b) inquiry but the defendant's previous conviction occurred more than five years before the government filed its § 851 notice, the court did not commit any "error—let alone plain error." *Id.* at 1225.

Here, Navas Feliciano argues that the district court erred because it failed to conduct a § 851(b) inquiry. Because he raises this argument for the first time on appeal, we review for plain error. He argues that the error was plain because the text of § 851(b) required the district court to perform the inquiry. And he says that he was prejudiced by this error because if the court had engaged in the inquiry, he would not have pleaded guilty or would have sought to withdraw his guilty plea.

We conclude there was no error here. Because Navas Feliciano's Florida convictions occurred more than five years before the government filed the information, he was barred as a matter of law from attacking the validity of his Florida convictions. *See* 21 U.S.C. § 851(e). And when a defendant is barred under § 851(e) from attacking the validity of his earlier convictions, a district court does not err when it "fail[s] to engage in a [§] 851(b) inquiry." *DiFalco*, 837 F.3d at 1225.

**AFFIRMED**.