[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13807
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00238-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK JAMES ABSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 16, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Frank J. Abston appeals his conviction and life sentence for conspiracy to

possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846.

On appeal, Abston argues that: (1) the district court abused its discretion by denying his motion to withdraw his guilty plea because he demonstrated a fair and just reason for the withdrawal of his plea, the district court judge should have recused herself, and the government breached the plea agreement; and (2) the district court lacked jurisdiction to give him an enhanced sentence of life imprisonment, because the government failed to timely file and serve the 21 U.S.C. § 851(a)(1) enhancement information.   After careful review, we affirm.[1]

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion unless its decision "is arbitrary or unreasonable."  Id. (quotation omitted).  Ordinarily, we review a district judge's decision not to recuse herself for abuse of discretion.  United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007).  However, because Abston failed to seek recusal of the district judge in the proceedings below, we review for plain error.

---

[1]      Abston's motion to supplement the record on appeal is GRANTED.  Nevertheless, we DENY the government's motion to dismiss this appeal based on the appeal waiver in Abston's plea agreement.  During the plea colloquy, the district court focused only on the sentencing aspects of the appeal waiver, and the record does not make clear otherwise that Abston understood the full implication of the appeal waiver.  United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).  In addition, a district court lacks jurisdiction to entertain a § 851 enhancement if the government failed to timely file and serve the information prior to plea or trial, and this jurisdictional defect is not waivable.  Harris v. United States, 149 F.3d 1304, 1306-09 (11th Cir. 1998).  Accordingly, Abston's appeal waiver does not bar any of his claims on appeal.

United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004).[2]  Similarly, while we generally review de novo the question of whether the government breached a plea agreement, where, as here, a defendant fails to object to an alleged breach before the district court, we again review only for plain error.  United States v. Romano, 314 F.3d 1279, 1281 (11th Cir. 2002).  Finally, while we generally review the adequacy of a 21 U.S.C. § 851 notice de novo, United States v. Ladson, 643 F.3d 1335, 1341 (11th Cir. 2011), Abston did not object to the sentencing enhancement before the district court and, once again, we review only for plain error.  See United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013) (providing that we review arguments not raised in the district court for plain error).

First, we are unpersuaded by Abston's claim that the district court abused its discretion in denying his motion to withdraw his guilty plea.  A defendant may withdraw a guilty plea after the district court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B).  In making its decision, the district court may consider the totality of the circumstances surrounding the plea, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4)

---

[2]  Under plain-error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights.  United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005).  If these three prongs are met, we may exercise our discretion to notice this error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. at 1329.

whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Brehm, 442 F.3d at 1298 (quotation omitted). There is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). The defendant "bears a heavy burden" to show statements made under oath at a plea colloquy were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

District court orders generally should contain sufficient explanations of their rulings so as to provide us with an opportunity to engage in meaningful appellate review. Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007). Nevertheless, we have decided appeals on the merits where the district court did not enter any findings on the separate factual issues, so long as "a complete understanding of the issues is possible." United States v. $242,484.00, 389 F.3d 1149, 1154 (11th Cir. 2004) (en banc) (quotation omitted).

Here, the district court did not abuse its discretion in denying Abston's motion to withdraw his guilty plea. First, during the plea hearing, Abston admitted that he had discussed the charges against him with his attorney, he understood the charges in the indictment, and he was fully satisfied with his attorney's representation and advice. The plea agreement also provided that Abston had the benefit of legal counsel in the negotiating of the agreement. In light of this evidence, Abston had close assistance of counsel. Brehm, 442 F.3d at 1298.

4

Second, Abston has failed to show that his plea was not knowing and voluntary. Abston said, under oath, that he had read and discussed the plea agreement with his attorney and that he understood the terms of the agreement. He also averred that he did not have any other agreements with the government and that nobody had made any other promises or assurances to him to induce him to plead guilty. Abston further understood that the mandatory statutory sentence was life imprisonment. Abston failed to meet his "heavy burden" of showing that his statements at the plea hearing were false.

The third and fourth factors also weigh against Abston. Permitting Abston to withdraw his plea would require a trial, which would expend judicial resources rather than conserve them. Moreover, the government likely would be prejudiced because of the passage of time. Although the district court did not make many specific findings in denying Abston's motion to withdraw the guilty plea, its findings, combined with evidence in the record, support its decision.

As for Abston's claim that the district judge should have recused herself sua sponte from the case, we disagree. Under the statute, a federal judge is instructed to disqualify herself if "[her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also requires disqualification where, inter alia, a judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1).

Here, even if we were to conclude that the judge plainly erred by not recusing herself sua sponte from Abston's sentencing hearing (and we do not), that error has not affected Abston's substantial rights. Abston has not shown a reasonable probability that a different district court judge would have granted his motion to withdraw his guilty plea. United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (noting that the third prong of the plain error test "almost always requires that the error must have affected the outcome of the district court proceedings") (quotation omitted)). Moreover, because Abston was subject to a mandatory statutory life sentence, he would not have received a different sentence with a different judge if his plea was upheld.

As for Abston's claim of plain error because the government breached the plea agreement, we again are unconvinced. To assess whether a plea agreement was breached, we first must "determine the scope of the government's promises." United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). However, a plea agreement does not preclude the government from disclosing pertinent information to the sentencing court. United States v. Horsfall, 552 F.3d 1275, 1282-83 (11th Cir. 2008); United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992).

We find no plain error in this claim. First, Abston's assertion that the government withdrew the plea agreement, and that this action somehow breached the plea agreement, lacks merit. After a brief recess during the plea colloquy, the

6

parties continued under the same plea agreement. Second, as set forth in the agreement itself, the government was entitled to disclose pertinent information to the sentencing court, including evidence of the amount of crack cocaine that was attributable to Abston. Finally, the plea agreement did not prevent the government from advocating against the acceptance of responsibility credit based on Abston's post-plea behavior, and moreover, the government was entitled to allocute under the agreement. In any event, even if the government breached the plea agreement, it did not affect Abston's substantial rights, because any breach did not affect his sentence. See Puckett v. United States, 556 U.S. 129, 142 n.4 (2009) (holding that the effect of an alleged plea agreement breach on a defendant's substantial rights does not depend on whether the defendant would have entered into the plea, but whether his sentence was affected by the government's breach). Regardless of the government's actions, Abston was subject to a mandatory, statutory life sentence.

We also find no merit in Abston's claim that the district court lacked jurisdiction to give him an enhanced sentence of life imprisonment. Section 851(a)(1) provides, in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

7

21 U.S.C. § 851(a)(1). We have "unambiguously and repeatedly held that a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of § 851(a)." Harris, 149 F.3d at 1306.

In this case, consistent with the record and course of the plea hearing, the government timely filed and served its § 851(a)(1) information. According to the Notice of Electronic Filing generated by the CM/ECF system, the government filed the information at 8:57 a.m. on November 21, 2011. The information was electronically mailed at the same time to Abston's attorney. Abston did not enter his guilty plea until after 10:00 a.m. on the same day. Therefore, the government strictly complied with § 851(a)(1)'s requirements, and the district court had jurisdiction to sentence Abston to life imprisonment.

Accordingly, we affirm Abston's conviction and sentence.[3]

**AFFIRMED.**

---

[3]    Following briefing, Abston submitted supplemental authority to this Court, arguing, for the first time, that the indictment failed to include the amount of crack cocaine that he was found responsible for, and thus, his case should be reversed and remanded. He relies on the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). Abston did not raise this issue in his initial brief, however, and thus, he has abandoned it. United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) (holding that parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority).