[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11031

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK JAMES ABSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:11-cr-00238-CG-M-1

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Frank Abston, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motions for a sentence reduction under § 401 of the First Step Act,[1] and compassionate release under 18 U.S.C § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act. He also moves to hold these proceedings in abeyance until the Supreme Court has ruled on a *certiorari* petition in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021), and *United States v. Winner*, 835 F. App'x 1002 (11th Cir. 2020) (unpublished). The government, in turn, moves for summary affirmance or to stay the briefing schedule. After careful review, we grant the government's motion for summary affirmance and deny as moot the motions to stay briefing and to hold the proceedings in abeyance.

The relevant background is this. In 2011, Abston pled guilty to one count of conspiracy to possess with intent to distribute cocaine. The government moved to enhance his sentence under 21 U.S.C. § 851, since he had previously been found guilty of at least two prior felony drug offenses. The district court sentenced

---

[1] First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act").

Abston to life imprisonment, which we affirmed.  *See United States v. Abston*, 536 F. App'x 905 (11th Cir. 2013) (unpublished).

Abston later filed two *pro se* motions in the district court that are relevant to this appeal.  In the first, titled "Motion 3582," he argued that the First Step Act allowed courts to review sentences and modify them to be in line with modern sentencing law and that his two prior predicate offenses did not warrant the § 851 enhancement.  In the second, Abston sought a compassionate release from his current place of incarceration, FCI-Jesup, arguing that his age and high blood pressure, the COVID-19 pandemic, the need to care for his mother after his father passed away, the government's § 851 enhancement of his sentence, and his accomplishments in prison collectively justified that.  He also asserted that § 401 of the First Step Act in addition to the other compassionate release factors constituted extraordinary and compelling reasons warranting release.

The district court denied both motions, finding that § 401 provided no relief because it had sentenced him prior to the passage of the First Step Act and that it had to follow the applicable policy statements for compassionate release.  This appeal follows.

When appropriate, we review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  Abuse of discretion review "means that the district

court had a range of choice" and we will not "reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted).

When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Additionally, arguments not raised in an appellant's initial brief are abandoned. *Id.* at 680, 683. Finally, however, *pro se* pleadings will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

First, we find no merit in Abston's argument that we should hold his appeal in abeyance until *Bryant* and *Winner* are resolved. After Abston filed his brief in this case, the Supreme Court declined to grant *certiorari* in *Bryant* in December 2021. *See Bryant v. United States*, 242 S. Ct. 583 (2021). Likewise, we decided *Winner* in 2020, we issued a mandate in the case in January 2021, and Winner never filed a petition for a writ of *certiorari* with the Supreme Court. As a result, there are no pending issues before us or the Supreme Court to decide, so we deny Abston's motion to hold the appeal in abeyance as moot.

As for the merits of Abston's challenges to the district court's denial of his motions for a sentence reduction and for compassionate release, we agree with the government that summary disposition is warranted. Summary disposition is appropriate either

where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297.

Section 841(b)(1)(A)(iii) required a mandatory sentence of life imprisonment for offenses involving 280 grams or more of a mixture or substance of cocaine base if the defendant had two or more prior convictions for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2012). The First Step Act amended § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the type of offenses that trigger those penalties. First Step Act § 401. Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a "felony

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

drug offense" would trigger mandatory penalties, § 401(a) of the First Step Act changed the prior conviction requirement to a "serious drug felony or serious violent felony." *Id.* § 401(a). Section 401(a) of the First Step Act also changed the mandatory minimum sentence for defendants who have had 2 or more such prior convictions, from life imprisonment to 25 years. *Id.* It states that the provisions of § 401 shall apply to any offense that was committed before the date of enactment of this act if a sentence for the offense has not been imposed as of such date of enactment. *Id.* § 401(c).

The First Step Act, in part, also amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. In the context of compassionate release, the statute now provides that:

> [T]he court, upon . . . motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the [W]arden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. *Id.* § 3553(a). It is the defendant's burden to show that his circumstances warrant a reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The weight given to any specific § 3553(a) factor is committed to the sound distraction of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Generally, when a district court considers the § 3553(a) factors, it should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision, but it need not state on the record that it has explicitly considered each of them or discuss each of them. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) "other reasons." *Id.*, cmt. (n.1(A)–(D)). While subsection D serves as a catch-all provision, it provides that a prisoner may be eligible for relief if, "*[a]s determined by the Director of the*

[BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, cmt. (n.1(D)) (emphasis added). If the district court determines that there are extraordinary and compelling reasons for compassionate release, it has the discretion to reduce the defendant's term of imprisonment after considering the applicable § 3553(a) factors. *Id.* § 1B1.13(1)(A). Commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, cmt. (n.1).

In *Bryant*, we held that § 1B1.13 was applicable to *all* motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of extraordinary and compelling reasons. 996 F.3d at 1252–62. We also concluded that the catch-all provision in the commentary to § 1B1.13 did not grant *to district courts* the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

We've noted that the fact that a prisoner has a common ailment that could possibly make his risk of a serious illness more likely if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an extraordinary and compelling reason for early release from prison. *See*

*Harris*, 989 F.3d at 912. Moreover, a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (high cholesterol, hypertension, and coronary artery disease).

In *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), we held that a district court, in addition to determining whether a movant had offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, must also consider "all applicable" § 3553(a) factors. *Cook*, 998 F.3d at 1184. Importantly, in *Cook*, the government conceded that the defendant had shown an extraordinary and compelling reason, and it argued only that the § 3553(a) factors weighed against release. *Id.* at 1185–86. However, in *Giron*, we clarified that, if a district court properly finds either that (i) no extraordinary and compelling circumstances exist, or (ii) the defendant is a danger to the public, analysis of the § 3553(a) factors is unnecessary. *Giron*, 15 F.4th at 1347. There, after the district court found that no extraordinary and compelling circumstances existed, we affirmed, holding that the court's finding was not error, and thus distinguished *Cook* on the basis that the government had conceded that Cook had established an extraordinary and compelling reason for a sentence reduction. *See id.* at 1346, 1350.

The district court need not conduct the compassionate release analysis in any particular order. *United States v. Tinker*,

14 F.4th 1234, 1237 (11th Cir. 2021).  A district court may reduce a term of imprisonment if the § 3553(a) factors favored doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community. *Id.*  All of these necessary conditions must be satisfied before it can grant a reduction.  *Id.*  Thus, the absence of even one condition would foreclose a sentence reduction.  *Id.* at 1238.

Here, Abston argues that the district court misunderstood § 401 of the First Step Act when it declined to apply the provision to his sentence -- which had been enhanced under 21 U.S.C. § 851, based on his two prior felony drug offenses.  However, this argument fails because Congress did not make the First Step Act retroactive.  *See* First Step Act § 401(c) (providing that a defendant who committed "any offense . . . before the date of enactment of this Act" could benefit from its amendments only "if a sentence for the offense has not been imposed as of such a date of enactment").  Abston was sentenced in 2012, well *before* the act was passed and went into effect in 2018.  *See id.*  Accordingly, the changes to sentencing found in § 401(c) do not apply to him.

As for his arguments about why he should have been granted compassionate release under § 603(b), they fare no better.  For starters, Abston does not expressly refer, on appeal, to his medical condition or his mother's caregiver needs as a basis for granting compassionate release.  He therefore has abandoned those arguments in this Court.  *See Sapuppo*, 739 F.3d at 680.

Instead, Abston argues that he is entitled to release under § 603(b) based on "cumulative issues" involved in the case, including Congress's intent in reducing the harsh penalties of § 851 and his resulting sentencing disparity.  However, the district court did not abuse its discretion in denying the motion because it cannot use the catch-all provision to expand the definition of extraordinary and compelling reasons warranting release.  *Bryant*, 996 F.3d at 1248, 1263, 1265.  Further, the sentencing disparity between people with enhanced sentences before and after the passage of the First Step Act and the cumulative issues do not fit within the policy statement and, as a result, they cannot be considered to be extraordinary and compelling reasons.  *See id.*; U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

Finally, we are unpersuaded by Abston's claim that the district court erred in denying his motion when it failed to review the 18 U.S.C. § 3553(a) factors.  Because the district court properly found that Abston had not presented extraordinary and compelling reasons warranting release, it was not required to consider the § 3553(a) sentencing factors before denying his motion.  *Tinker*, 14 F.4th 1237–38; *Giron*, 15 F.4th at 1347.

Accordingly, because the government's position is "clearly right as a matter of law" we **GRANT** its motion for summary affirmance and **DENY** as moot Abston's motion to hold this appeal in abeyance and the government's motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.