[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14025

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES JOVAN LADSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:08-cr-20897-DMM-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

James Ladson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). He also appeals the district court's denial of his motion for reconsideration of the same motion. For the reasons that follow, we affirm.

**I.**

Ladson was indicted along with several codefendants for their roles in a drug distribution operation led by Ladson's brother. Ladson's role in the scheme was that of a middleman—he was an intermediary between his brother and the sellers his brother hired to carry out the operation.

A jury eventually convicted Ladson of possessing and conspiring to distribute several illegal drugs and possessing a firearm despite his status as a convicted felon. The district court imposed a sentence of life imprisonment based on Ladson's prior convictions, but this Court vacated that sentence for reasons not relevant to this appeal. *United States v. Ladson*, 643 F.3d 1335, 1346 (11th Cir. 2011).

At resentencing, the district court imposed a 240-month sentence. The district court noted its "concern[]" about Ladson's criminal history, which included convictions for, among other things, battery on a police officer, third-degree grand theft auto,

aggravated battery, and possession of cocaine with intent to distribute, as well as several charges for violent crimes that did not result in convictions. Ladson is almost thirteen years into that sentence.

Ladson sought a sentence reduction based on several medical conditions, including chronic asthma, obesity, hypertension, and a compromised immune system. He contended that the threat of COVID-19 infection constituted an extraordinary and compelling reason for reducing his sentence, in light of his underlying medical conditions. *See* 15 U.S.C. § 3582(c)(1)(A)(i). After ordering the United States to respond to the motion, the district court concluded that a sentence reduction was unwarranted for two reasons. First, despite the seriousness of Ladson's medical conditions, the district court explained that Ladson appeared to be receiving "appropriate[]" treatment in custody. Second and alternatively, the district court concluded that Ladson's "lengthy and serious criminal history and disciplinary record in prison demonstrate that he would pose a danger to the community" if released.

Ladson filed a timely notice of appeal. Shortly thereafter, however, Ladson moved for reconsideration of the district court's order. The district court denied that motion for the same reasons, emphasizing that Ladson's "lengthy and serious criminal history" counseled against reducing his sentence. Ladson then filed an amended notice of appeal to challenge the denial of his motion for reconsideration.

## II.

We review for abuse of discretion the denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A court abuses its discretion by misapplying the law or making clearly erroneous factual findings. *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). A finding is clearly erroneous where, after reviewing all the evidence, we are left with a firm conviction that the district court made a mistake. *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).

We review for abuse of discretion the denial of a motion for reconsideration. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

## III.

As an initial matter, we decline to consider Ladson's argument that the district court violated his Sixth Amendment rights because he raised the issue for the first time in his reply brief. *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

Ladson's principal argument is that the district court abused its discretion in two ways: by concluding that his medical conditions did not justify a sentence reduction and by failing to consider his rehabilitative efforts while incarcerated. His argument fails on both points.

Except in limited circumstances, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the limited circumstances is for so-called "compassionate release." See United States v. Harris, 989 F.3d 908, 909 (11th Cir. 2021). A district court may grant a prisoner's motion for compassionate release after making three findings: (1) an extraordinary and compelling reason for relief exists; (2) relief is consistent with United States Sentencing Guidelines § 1B1.13, including that the release would not endanger any person or community; and (3) the sentencing factors in § 3553(a) weigh in favor of relief. Giron, 15 F.4th at 1347, 1347 n.3. If a district court concludes that any of the three required findings are not present, it may deny the motion without addressing the other requirements. Id. at 1347.

The district court did not err by determining that Ladson's medical conditions were not an extraordinary and compelling reason for a sentence reduction. Under the relevant policy statement, a medical condition is an extraordinary and compelling reason for relief only if such a condition is terminal or "substantially diminishes the ability of the defendant to provide self-care within" prison. U.S.S.G. § 1B1.13, cmt. n.1(A); see United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir.) (holding that Section 1B1.13 is an applicable policy statement), cert. denied, 142 S. Ct. 583 (2021). The district court concluded that Ladson's conditions failed to meet this standard because his medical records indicated that he was receiving adequate treatment from prison medical staff. On appeal, Ladson merely argues that his conditions are "severe" and details some of

the intensive treatment he receives. But he fails to demonstrate any error in the district court's conclusion. And, in any event, we have held that merely being a prisoner with risk factors for COVID-19 is not an extraordinary and compelling medical reason for relief. *Giron*, 15 F.4th at 1346 (holding that the district court did not err by denying compassionate release to an inmate with high cholesterol, high blood pressure, and coronary artery disease despite the increased risk of death or severe medical complications from COVID-19). Therefore, the district court's evaluation of Ladson's medical conditions was not an abuse of discretion.

Ladson also fails to establish that the district court abused its discretion by not giving sufficient weight to his rehabilitative efforts in prison. To reduce Ladson's sentence, the district court was required to determine both that reducing Ladson's sentence was supported by the sentencing factors contained in Section 3553(a) and that his release would not pose a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Those considerations undoubtedly cut against reducing Ladson's sentence, as he has a lengthy history of serious criminal conduct including recent instances of violent behavior in prison. The district court was also precluded from reducing Ladson's sentence based on rehabilitation alone, *see* 28 U.S.C. § 994(t), which is exactly what he suggests it should have done. Therefore, the district court did not abuse its discretion.

Finally, the district court did not abuse its discretion by denying Ladson's motion for reconsideration. The motion relied

21-14025                  Opinion of the Court                        7

solely on the same medical conditions the district court previously considered—it did not address the district court's conclusion that Ladson's criminal history counseled against reducing his sentence. Therefore, it was not an abuse of discretion to deny Ladson's motion for reconsideration.

## IV.

The district court is **AFFIRMED**.